Matter of Dyer v Centre St. Sys. Inc. (2019 NY Slip Op 07121)





Matter of Dyer v Centre St. Sys. Inc.


2019 NY Slip Op 07121


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

526943

[*1]In the Matter of the Claim of Rudolph Dyer, Claimant,
v
Centre Street Systems Inc., Respondent, and Zurich American Insurance Company, Appellant. Workers' Compensation Board, Respondent.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian M. Anson of counsel), for appellant.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed August 24, 2017, which, among other things, denied Zurich American Insurance Company's application for review of a decision by the Workers' Compensation Law Judge.
Claimant, who had filed WTC-12 forms indicating that he had performed carpentry work, sought workers' compensation benefits for his prostate cancer allegedly related to his work at the World Trade Center site. Zurich American Insurance Company was put on notice as the likely workers' compensation carrier for the employer after a certificate of insurance was produced reflecting that Zurich insured the employer for work being done at the building where claimant was assigned from September 11, 2001 through January 1, 2003. At a June 2017 hearing, Zurich disputed that it provided insurance coverage for the employer at the specific site during the World Trade Center clean-up operations, claiming that it was unable to locate any such policy, and also objected to a finding that claimant engaged in World Trade Center clean-up efforts. By decision filed June 8, 2017, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant was involved in clean-up operations at the World Trade Center site and continued the matter to permit Zurich to produce testimony from an underwriter regarding the policy reflected in the certificate of insurance.
Following a subsequent hearing, the WCLJ, by decision filed July 7, 2017, ruled that Zurich was the employer's workers' compensation carrier during the relevant time period. The WCLJ also ruled that claimant sustained a work-related injury, assigning a date of disablement of October 26, 2016. The Workers' Compensation Board, by decision filed August 24, 2017, denied Zurich's request for review of the WCLJ's July 7, 2017 decision because Zurich failed to submit proof that it served a copy of the application for review upon the employer, which was a necessary party of interest given that the arguments raised by Zurich were adverse to the employer's interest. Also, the Board, on its own motion, modified the WCLJ's decision to find that the claim constitutes an accidental injury in accordance with the provisions of Workers' Compensation Law article 8-A and remitted the matter for a date of accident to be determined. Zurich's subsequent application for reconsideration and/or full Board review was denied. Zurich appeals the Board's August 24, 2017 decision.
Zurich does not challenge the Board's denial of its application for review for failure to serve all parties in interest. Rather, Zurich challenges the merits of the WCLJ's determination finding it to be the employer's workers' compensation carrier. However, as that issue was not reached by the Board, we are unable to review the merits on this appeal (see Matter of Dow v Silver Constr. Co., 110 AD3d 1154, 1155 n 2 [2013]). To the extent that Zurich challenges the finding that claimant was involved in the clean-up operations at the World Trade Center site, that issue was resolved by a WCLJ decision filed on June 8, 2017, and Zurich did not appeal that decision to the Board. As such, the issue is not properly before this Court.
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.